**Ernest W. HONEBRINK, et al., Appellants,**

v.

**HUTTON AND ROWE, et al., Respondents.**

**No. C8-83-1637.**

Court of Appeals of Minnesota.

July 17, 1984.

William D. Harper, Harper & Anderson, Cottage Grove, for appellants.

Ted E. Sullivan, Lommen, Nelson, Sullivan & Cole, P.A., Minneapolis, for respondents.

Heard, considered and decided by PARKER, P.J., and FORSBERG and CRIPPEN, JJ.

## OPINION

FORSBERG, Judge.

A stovepipe on appellants' wood burning stove melted and their home sustained smoke damage. Appellants brought suit against respondents alleging that the stovepipe was purchased from The Plumbery and sold by George Korvela who allegedly made either express or implied warranties that the stovepipe was stainless steel.

Following a court trial, the court concluded that respondents were not negligent, did not breach any warranties, or engage in bad faith, and that the damages sustained were caused by appellants' own negligence.

Appellants' motion for amended findings of fact and a new trial was denied by the trial court. This appeal ensued. We affirm.

## ISSUE

Whether the trial court's finding that appellants presented insufficient factual evidence to prove that respondents sold the aluminum pipe in question to appellants is clearly erroneous and contrary to the evidence.

## FACTS AND DISCUSSION

Appellants' cause of action was brought under theories of express warranty pursuant to Minn.Stat. 336.2–313(1)(a), (b), implied warranty of merchantability pursuant to Minn.Stat. 336.2–314(1), (2), (3), and implied warranty of fitness for a particular purpose pursuant to Minn.Stat. 336.2–315. Appellant also pleaded a theory of negligence. However, the crucial issue before the trial court was a factual determination as to whether or not the respondents had sold the aluminum stovepipe in question to appellants. Our review is limited to the trial court's finding on this issue, as it is dispositive.

Because the actual sale was denied, the trial court had to make a threshold determination as to whether or not there was a sale. In its memorandum the trial court stated:

"The evidence was obviously conflicting. It seemed to the Court, as the finder of fact, that the witnesses for the plaintiffs and defendants both were equal in credibility. Also, the witnesses seemed to be equal in areas where credibility was lacking. For example, neither party produced any financial records in regard to a sale or lack of sale. Plaintiffs claimed to not have financial records in regard to the sale and defendants' records were allegedly lost. In this kind of situation cases do not have to be cited for the proposition that the plaintiff has the burden of proof. Furthermore, the plaintiff must prove his claim by a greater weight of the evidence. In making the factual findings herein, the Court is only finding that the plaintiffs have not met their burden of proof."

The findings of the trial court should not be disturbed unless, upon review of the entire evidence, the reviewing court is left with a definite and firm conviction that a mistake has been made. *City of Minnetonka v. Carlson*, 298 N.W.2d 763 (Minn.1980).

Having reviewed the record, it is evident that the trial court's finding regarding the sale is supported by the facts presented to the court. Since appellants were unable to prove that the sale occurred, we need not reach the subsequent findings and conclusions of the trial court.

## DECISION

Appellants have not shown that the trial court's finding, that the appellants presented insufficient factual evidence to prove that respondents sold the aluminum pipe to appellants, is clearly erroneous and contrary to the evidence.

Therefore, we affirm.